Susan DUCKETT, Plaintiff,

v.

**BLUE CROSS AND BLUE SHIELD OF ALABAMA, Defendant.**

No. CIV. A. 98–D–1123–N.

United States District Court,
M.D. Alabama,
Northern Division.

Oct. 20, 1999.

Rhon E. Jones, Thomas J. Methvin, Montgomery, AL, for Plaintiff.

Leslie Allen, Montgomery, AL, Cavender C. Kimble, Leigh Ann Hodge, Birmingham, Al, for Defendant.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant Blue Cross and Blue Shield of Alabama's ("Blue Cross") Motion To Dismiss Or, In The Alternative, For Summary Judgment ("Blue Cross' Mot."), filed October 9, 1998. On November 3, 1998, Plaintiff Susan Duckett ("Plaintiff") filed a Brief In Response To Defendant's Notice Of Removal And Motion To Dismiss Or, In The Alternative, For Summary Judgment ("Pl.'s Resp.").

The court construes Blue Cross' motion as a Motion For Summary Judgment be-

cause Blue Cross refers to and the court has considered matters outside the pleadings. Rule 12(b) of the *Federal Rules of Civil Procedure* states that a motion to dismiss on 12(b)(6) grounds, which includes matters outside the pleadings, "shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R.Civ.P. 12(b); Fed.R.Civ.P. 56.[1] After careful consideration of the arguments of counsel, the relevant law and the record as a whole, the court finds that Blue Cross' Motion For Summary Judgment is due to be granted.

## I. SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court construes the evidence and factual inferences in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing Fed.R.Civ.P. 56(c)).

The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir.1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548 (citing Fed. R.Civ.P. 56(c)). The mechanics of satisfying the initial burden vary depending upon which party, the movant or the nonmovant, bears the burden of proof at trial. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993) (detailing the nature of the parties' responsibilities when preparing or defending against a motion for summary judgment).

Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his or] her own affidavits, or by the 'depositions, answers to interrogatories, and admissions

---

1. Rule 12(b) further directs that all parties shall be given a reasonable opportunity to "present all material made pertinent to such a motion." Fed.R.Civ.P. 12(b). Because Blue Cross' motion has been pending for more than a year, the court finds that Plaintiff has had a sufficient opportunity to present summary judgment materials and to frame an appropriate response.

on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. In meeting this burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(e); *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348; *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348.

## II. JURISDICTION AND VENUE

As discussed below, the court finds that it properly exercises subject matter jurisdiction over this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.,* and 28 U.S.C. § 1331 (federal question jurisdiction). The parties do not contest personal jurisdiction or venue.

## III. PROCEDURAL HISTORY AND UNDISPUTED FACTS

Plaintiff originally filed this Complaint in the Circuit Court for Montgomery County, Alabama, on August 27, 1998. Plaintiff alleges state law claims of breach of contract (Count 1), bad faith (Counts 2, 3 and 5) and negligent/wanton failure to "fully investigate Plaintiff's [insurance] claim" (Count 4). (Compl.¶¶ 12–29.) Plaintiff seeks compensatory and punitive damages and demands a jury trial. (*Id.*)

Blue Cross removed this action on October 1, 1998, alleging that Plaintiff's state law claims were preempted by ERISA.[2] On October 9, 1998, Blue Cross filed its Motion For Summary Judgment. In support of its Motion, Blue Cross submits a Declaration and a Supplemental Declaration from Donna Blackwell, a Senior Analyst with Blue Cross ("Blackwell Decl."; "Blackwell Suppl. Decl."). Attached to the Supplemental Declaration is a Summary Plan Description of the Group Health and Dental Care Plan at issue ("Summary Plan Description") and the Administrative Services Agreement between Blue Cross and Plaintiff's employer. Blue Cross also submitted the Affidavit Of Diane Scott ("Scott Aff."), an Assistant Chief Financial Officer with Plaintiff's employer. Attached to Ms. Scott's Affidavit is an Internal Revenue Service ("IRS") Form 5500 ("Form 5500"). On the other hand, Plaintiff has not submitted any evidence.

Beginning in September 1996, Plaintiff was a participant in a Group Health and Dental Care Plan ("Baptist Plan") sponsored by her employer, Baptist Health Services, Inc. ("Baptist Health"). (Compl. ¶ 7; Blackwell's Decl. ¶ 2.) Plaintiff's son is a beneficiary under Plaintiff's Baptist Plan. (Blackwell's Decl. ¶ 2.) The Baptist Plan provided medical, surgical, dental and other health benefits to Baptist Health's employees and dependents. (*Id.*) The Baptist Plan is administered through the Administrative Services Agreement between Blue Cross and Baptist Health. According to Blue Cross, the Baptist Plan is self-funded, meaning "that the cost of claim ultimately is paid from the assets of [Baptist Health], not Blue Cross." (*Id.*)

In December 1995, "Plaintiff's son was diagnosed with Ulcerative Colitis" and had surgery in July 1996 "to remove his large intestine." (Compl.¶¶ 4–5.) Plaintiff, at that time, was covered under a different health insurance policy which, according to Plaintiff, "paid all claims" relating to her

**2.** ERISA preemption can provide the basis for removal jurisdiction. *Hubbard v. Blue Cross &* *Blue Shield Ass'n,* 42 F.3d 942, 945 n. 5 (5th Cir.1995).

son's illness. (*Id.* ¶ 6.) In May 1997, after Plaintiff had received insurance through Baptist Health, "Plaintiff's son was diagnosed with Crohn's Disease." (*Id.* ¶¶ 7–8.) According to Plaintiff, "[t]he first identification of Crohn's disease was May of 1997." (*Id.* ¶ 9.)

Plaintiff submitted a claim under the Baptist Plan for $35,000 for medical expenses related to her son's diagnosis of Crohn's disease. (*Id.* ¶ 10.) In July 1997, "Plaintiff received notification from Blue Cross ... that [it was] denying coverage because of a pre-existing medical condition." (*Id.* ¶ 11.) According to Blue Cross, the treatment received by Plaintiff's son, which was the subject of the claim, was "rendered within the 270–day waiting period [for pre-existing conditions] and, therefore, [was] excluded from coverage." (Blackwell's Decl. ¶¶ 4–5.)

The Summary Plan Description explains the benefits provided by the Baptist Plan. The Introduction states that "[t]his is a Summary Plan Description under the Employee Retirement Income Security Act (ERISA)." (Summary Plan Description at 1.) The Summary Plan Description further assures employees that they are "entitled to certain rights and protections" under ERISA, including the following: (1) The right to examine and obtain copies of all "plan documents"; (2) the right to "receive a summary of the plan's annual financial report;" (3) protections against discrimination for obtaining welfare benefits and exercising any rights under ERISA; and (4) the right to have a welfare benefit claim reconsidered if denied. (*Id.* at 38.) The Summary Plan Description further explains an employee's remedies to enforce his or her rights and provides the name and address of the Baptist Health Administrator to contact regarding any questions. (*Id.*)

Additionally, according to Ms. Scott, she has filed Form 5500s for the Baptist Plan for "approximately the last ten years." (Scott Aff. ¶ 2.) The Form 5500 (Annual Return/Report of Employee Benefit Plan) must be filed annually with the Internal Revenue Service ("IRS") and requires detailed disclosures from which the IRS can determine whether a welfare benefit plan is operating in accordance with ERISA's requirements. (Form 5500 at 1–7.)

## IV. DISCUSSION

Blue Cross asserts that the Baptist Plan is governed by ERISA, because it qualifies as an "employee welfare benefit plan" as defined in 29 U.S.C. § 1002(1). Blue Cross further contends that Plaintiff's state-law claims "relate to" the Baptist Plan and, thus, are preempted by ERISA. (Blue Cross' Mot. at 3–4.) Plaintiff, however, asserts that the Baptist Plan is an ERISA-exempt "church plan" under 29 U.S.C. § 1003(b). (Pl.'s Resp. at 1.)

### A. ERISA's Preemption

 ERISA establishes a comprehensive scheme for regulating the administration of employee welfare benefit plans and is "designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Morstein v. National Ins. Serv., Inc.*, 93 F.3d 715, 718 (11th Cir.1996). Section 1144(a) of ERISA, commonly referred to as the preemption clause, provides that ERISA shall "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The preemption clause is "conspicuous for its breadth" and should be "expansively applied." *Swerhun v. Guardian Life Ins. Co. of America*, 979 F.2d 195, 197 (11th Cir.1992) (citations and internal quotations omitted). A state law "relates to" an employee benefit plan if it "has a connection with or a reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490

(1983); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985).

Thus, to determine whether ERISA preempts Plaintiff's state law causes of action, the court must first determine whether the Baptist Plan is an "employee welfare benefit plan" governed by ERISA. If it is governed by ERISA, the court must then decide whether Plaintiff's state law claims "relate to" the Baptist Plan. *See McMahon v. Digital Equip. Corp.*, 162 F.3d 28, 35 (1st Cir.1998). ·

### B. Application of the Law to the Facts

#### 1. ERISA's Definition of an "Employee Welfare Benefit Plan"

ERISA defines an "employee welfare benefit plan" as

> any plan, fund, or program ... maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services....

29 U.S.C. § 1002(1). In breaking down the elements of § 1002(1), the Eleventh Circuit stated that a "welfare plan requires (1) a 'plan, fund, or program,' (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness ... benefits, ... (5) to participants or their beneficiaries." *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir.1982).

■ Where the facts are undisputed, as here, the court's determination of whether the Baptist Plan is an ERISA plan within the statutory meaning is a question of law. *See Custer v. Pan Am.Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir.1993). Plaintiff has not disputed that the Baptist Plan fits within the definition of an "employee welfare benefit plan" under 29 U.S.C. § 1002(1). *See Stoudemire v. Provident Life and Accident Ins. Co.*, 24 F.Supp.2d 1252, 1255 (M.D.Ala.1998) (stating that where a plaintiff alleged that an insurance plan was exempt from ERISA coverage under a "safe harbor" regulation, the plaintiff "apparently concede[d] that the Policy [fell] within ERISA's general definition of an 'employee welfare benefit plan' ").

■ Under *Donovan* and § 1002(1), the court finds that the Baptist Plan undisputedly is a plan established by Plaintiff's employer to provide health care benefits for Plaintiff and her dependents. Plaintiff generally declares these elements in her Complaint. (Compl.¶¶ 7, 10.) Additionally, Ms. Blackwell states that the Baptist Plan is "sponsored" by Plaintiff's employer, which ultimately pays the "cost of claims" and insures employees for various medical benefits. (Blackwell Decl. ¶ 2).

The Summary Plan Description further confirms that the Baptist Plan is a qualifying ERISA plan. It explains the benefits provided by Plaintiff's employer under the Baptist Plan, including hospital and major medical benefits, and states that "dependents are eligible for coverage." (Summary Plan Description at 3–8.) Based on these facts, the court finds that Blue Cross has met its burden of showing that there is no genuine issue of material fact that the Baptist Plan is an "employee welfare benefit plan" under 29 U.S.C. § 1002(1). *See Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

■ Even if an "employee welfare benefit plan" satisfies the general ERISA definition, the plan can avoid ERISA's coverage if it is statutorily exempt. 29 U.S.C.

§ 1003(b). Thus, while not disputing that the Baptist Plan meets the statutory definition of an "employee welfare benefit plan," Plaintiff asserts that the Baptist Plan is exempt as a "church plan" under 29 U.S.C. § 1003(b). (Pl.s' Resp. at 1.)

Five categories of employee benefit plans are specifically exempted from the provisions of ERISA: (1) governmental plans; *(2) church plans;* (3) plans established solely for complying with workers' or unemployment compensation or disability insurance laws; (4) plans maintained outside the United States primarily for nonresident aliens; and (5) unfunded excess benefit plans. 29 U.S.C. § 1003(b)(1)-(5). A "church plan" is defined as "a plan established and maintained (to the extent required in clause (ii) of subparagraph (B)) for its employees (or their beneficiaries) by a church or by a convention or association of churches which is exempt from tax under section 501 of Title 26." 29 U.S.C. § 1002(33)(A).[3]

While asserting that the Baptist Plan is exempt from ERISA's coverage as a "church plan," Plaintiff has not produced any evidence to contest Blue Cross' affidavits and documentation that the Baptist Plan constitutes an "employee welfare benefit plan" and is not a church plan. *See Starr v. JCI Data Processing, Inc.,* 757 F.Supp. 390, 393–94 (D.N.J.1991), *opinion vacated on other grounds,* 767 F.Supp. 633 (D.N.J.1991) (in the context of summary judgment, finding that the party claiming that the ERISA pension plan was statutorily exempt failed to prove the applicability of the exemption); *see also McMahon,* 162 F.3d at 36 (In ruling on the employer's motion for summary judgment, where an employee claimed that her employer's ERISA plan was exempt, the court noted that the employee "pointed to evidence in support of her argument" for exemption.). Plaintiff simply has not raised a factual question as to whether Baptist Health is tax-exempt and "controlled by" or "associated with" a church.[4] 29 U.S.C. § 1002(33)(C)(i). Plaintiff, for example, has not submitted any contradicting tax records or documents to show that Baptist Health is controlled by a church, such as evidence that a majority of the officers/directors are appointed by a church's governing board. *See* 29 C.F.R. § 1.414(e)–1(d)(2). In fact, Plaintiff's argument that the Baptist Plan is an exempted church plan appears to be based merely on the fact that the word "Baptist" is in the employer's name and plan. This is not sufficient to survive summary judgment because the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548.

---

**3.** A "church plan," however, would not include a plan—
 (i) which is established and maintained primarily for the benefit of employees (or their beneficiaries) of such church or convention or association of churches who are employed in connection with one or more unrelated trades or businesses (within the meaning of section 513 of Title 26), or
 (ii) if less than substantially all of the individuals included in the plan are individuals described in subparagraph (A) or in clause (ii) of subparagraph (C) (or their beneficiaries).
29 U.S.C. § 1002(33)(B)(i) & (ii). Additionally, even if a plan qualifies as a "church plan," it may elect under 26 U.S.C. § 410(d) to be subject to ERISA requirements. *See* 26 C.F.R. § 410(d).

**4.** In Plaintiff's two-page response, Plaintiff requests "the opportunity to conduct additional discovery to determine whether or not this particular plan falls within the exceptions stated in" 29 U.S.C. § 1003(b). (Pl.'s Resp. at 2.) Nothing has prohibited Plaintiff from conducting discovery between November 3, 1998, the date Plaintiff filed her response, and now. Thus, the court finds that over the course of the year that Blue Cross' motion has been pending, Plaintiff has had ample opportunity to conduct discovery, if necessary, and file additional evidence with the court.

Blue Cross has demonstrated through uncontested evidence that the Baptist Plan is covered by ERISA and is not a church plan. Baptist Health conveys to all employees that its plan is covered by ERISA. Not only is Baptist Health complying with ERISA's mandate that a Summary Plan Description be distributed to all employees, *see* 29 U.S.C. § 1022, but the Summary Plan Description describes in detail the employees' rights and protections guaranteed by ERISA and the remedies available. (Summary Plan Description at 38.) In light of the fact that Baptist Health has assured its employees that they are protected under ERISA, the court in ruling "should affirm the expectations those assurances created." *McMahon v. Digital Equip. Corp.*, 998 F.Supp. 62, 68 (D.Mass.1998), *aff'd*, 162 F.3d 28 (1st Cir. 1998) (citing *Massachusetts v. Morash*, 490 U.S. 107, 114, 109 S.Ct. 1668, 104 L.Ed.2d 98 (1989)).

Additionally, Blue Cross treats the Baptist Plan as an ERISA plan. That is, as demonstrated in the Administrative Services Agreement, Blue Cross and Baptist Health divide between themselves the various duties imposed under ERISA. (Administrative Services Agreement at 7–8.)

Baptist Health has done more than simply label a plan as one falling under the scope of ERISA. *See McMahon*, 162 F.3d at 38. It has, in addition to treating the Baptist Plan as one governed by ERISA, represented to the IRS, by the filing of a Form 5500, that it maintains an ERISA plan. By filing a Form 5500 and treating the Baptist Plan as one under ERISA, Baptist Health loses all benefits, tax and otherwise, of being classified as a church plan (if it could be classified as such).

All the evidence, which is undisputed, demonstrates that Baptist Health is an ERISA plan, not a church plan. For example, the Summary Plan Description and Form 5500 indicate that Baptist Health is

complying with ERISA's provisions pertaining to reporting and disclosure, minimum participation and funding and fiduciary responsibilities. *See* 29 U.S.C. §§ 1021–1114. A church plan would, on the other hand, be exempt from complying with ERISA's tedious administrative requirements. 29 U.S.C. § 1002(33). As noted in *McMahon*, if the shoe were on the other foot and Plaintiff had attempted to invoke her rights under ERISA, it is very improbable that Baptist Health could argue that, despite its representations and actions, the Baptist Plan was a church plan. 998 F.Supp. at 67. Therefore, based on the foregoing, the court finds that the Baptist Plan is an ERISA employee welfare benefit plan and is not exempted as a church plan.

*2. Preemption of Related State Law Claims*

■ Turning to the second inquiry, the court finds that all of Plaintiff's state law causes of action "relate to" the Baptist Plan. In discussing whether a state claim "relates to" an ERISA plan, the Supreme Court has explained:

> In both *Metropolitan* and *Shaw v. Delta Air Lines, Inc.*, at 96–100, 103 S.Ct. 2890 we noted the expansive sweep of the preemption clause. In both cases, "the phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" In particular, we have emphasized that the pre-emption clause is not limited to "state laws specifically designed to affect employee benefit plans." *Shaw v. Delta Air Lines, supra*, at 98, 103 S.Ct. 2890.

*Pilot Life*, 481 U.S. at 47–48, 107 S.Ct. 1549. The Supreme Court in *Pilot Life* held that because Plaintiff's state law claims were "each based on alleged im-

proper processing of a claim for benefits under an employee benefit plan," those claims "undoubtedly meet the criteria for preemption" under ERISA. *Id.* at 48, 107 S.Ct. 1549.

Here, the gravamen of Plaintiff's Complaint is that Blue Cross failed to pay a claim under Plaintiff's Baptist Plan. Thus, each of Plaintiff's state law claims are connected with the processing and denial of claims for benefits under the Baptist Plan. The Eleventh Circuit has held that "[a] party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir.1997). Under *Garren*, the court finds that all of Plaintiff's state law claims are preempted by ERISA. *See also First National Life Ins. Co. v. Sunshine–Jr. Food Stores, Inc.*, 960 F.2d 1546, 1549–50 (11th Cir.1992) (holding that a plaintiff's state law claims for "breach of contract, breach of duties of due care and good faith, willful and wanton conduct [and] misrepresentation" were preempted under ERISA).

Summary judgment as to all of Plaintiff's claims in her Complaint is, therefore, appropriate inasmuch as these claims are preempted by ERISA. The court, will, however allow Plaintiff to amend her Complaint to allege an ERISA claim. *See Stoudemire*, 24 F.Supp.2d at 1259.

## V. CONCLUSION

Based on the undisputed facts, the court finds as a matter of law that the Baptist Plan is an ERISA "employee welfare benefit plan" under 29 U.S.C. § 1002(1) and not a "church plan" exempted from coverage under 29 U.S.C. § 1003(b). The court further finds that Plaintiff's state law claims are related to the Baptist Plan and, thus, are preempted under ERISA. According-

ly, the court finds that Blue Cross' Motion For Summary Judgment is due to be granted. Instead of dismissing the action, however, the court will grant Plaintiff leave to amend her Complaint to state cause(s) of action, if any, under ERISA.

## VI. ORDER

For the foregoing reasons, the court finds that Plaintiff's state law claims are preempted by ERISA. Therefore, it is CONSIDERED and ORDERED that Blue Cross' Motion For Summary Judgment be and the same is hereby GRANTED as to all Plaintiff's claims in the Complaint.

Rather than directing the Clerk to dismiss this action, it is further CONSIDERED and ORDERED that Plaintiff be and the same is hereby GRANTED leave to amend her complaint to state cause(s) of action under ERISA. Plaintiff is given until November 4, 1999 to amend her Complaint, if desired, to allege a claim under ERISA. If Plaintiff elects not to file an amended complaint by November 4, 1999, the court will dismiss this action.